IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE RIGHEIMER, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | 17 CV 4170 |
| vs. | ) ) ) | |
| KLUEVER & PLATT LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Diane Righeimer brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Kluever & Platt LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Diane Righeimer is a resident of Kane County, Illinois.

10. Defendant Kluever & Platt LLC is a law firm organized as an Illinois limited liability company with principal offices at 65 E. Wacker Place, Suite 2300, Chicago, IL 60601. Its registered agent is David C. Kluever at that address.

11. Kluever & Platt LLC has a web site on which it describes its business and states that it has a "practice area" consisting of "Residential Mortgage Loan Default Recovery." "Kluever & Platt, LLC represents residential mortgage loan servicers in all aspects of default servicing and recovery," including "Default Servicing", "Residential Mortgage Foreclosures", "Bankruptcy", and "Loss Mitigation". (http://www.klueverplatt.com/creditorsrights.html)

12. Kluever & Platt LLC files more than 200 residential mortgage foreclosures per year in Illinois, based on a computer search of Cook County court records.

13. Kluever & Platt LLC uses the mails and telephone system in conducting such

activities.

14. Kluever & Platt LLC is a debt collector as defined in the FDCPA.

## FACTS

15. Defendant has been attempting to collect from plaintiff an alleged residential mortgage debt incurred for personal, family or household purposes.

16. Plaintiff encountered financial difficulty as a result of illness and divorce.

17. On or about August 8, 2016, defendant filed a lawsuit against plaintiff on behalf of The Bank of New York Mellon, as trustee of a mortgage securitization trust, in Kane County Circuit Court, case 16 CH 786.

18. On or about August 20, 2016, plaintiff was served with a package (Appendix A) consisting of a summons, various notices required by Illinois law and court rules, a six page complaint, and voluminous mortgage documents.

19. Included as a seventh page of the complaint was a purported "Notice Required by the Fair Debt Collection Practices Act."

20. In fact, no such notice is required to be provided as part of a summons and complaint.

21. On information and belief, no other "notice of debt" was provided to plaintiff by defendant.

22. It is the standard practice of defendant to:
    a. attach a "Notice Required by the Fair Debt Collection Practices Act" to a foreclosure complaint and
    b. not provide a "notice of debt" by other means.

23. The purported "Notice Required by the Fair Debt Collection Practices Act" does not contain the information required by §1692g, such as a complete statement of the amount owed as of the date of the notice.

24. The inclusion of a non-required "Notice Required by the Fair Debt Collection

Practices Act" with the complaint is unnecessarily confusing and violates 15 U.S.C. §1692e.

25. Subsequent to service of Appendix A there were multiple communications between plaintiff or her representatives and defendant, dealing with the debt, the lawsuit, and loan modification and loss mitigation.

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1-25.

27. By engaging in the course of conduct described above, defendant violated 15 U.S.C. §§1692g and 1692e.

28. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of**

> the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> **(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

29. Section 1692e provides:

    > **§ 1692e. False or misleading representations**
    >
    > A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
    >
    > **(2) The false representation of--**
    >
    >     **(A) the character, amount, or legal status of any debt; . . .**
    >
    > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

5

31. The class consists of (a) all individuals (b) to whom defendant directed a "Notice Required by the Fair Debt Collection Practices Act" by attaching it to a complaint (c) concerning property at the same address as the individual (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

32. On information and belief, based on the number of foreclosures filed by defendant, the class exceeds 40 and is so numerous that joinder of all members is not practicable.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant's mode of attempting to comply with section 1692g complies with the FDCPA.

34. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.
   b. Members of the class are likely to be unaware of their rights;
   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

   i. Statutory damages;
   ii. Attorney's fees, litigation expenses and costs of suit;
   iii. Such other and further relief as the Court deems proper.

                                                <u>s/ Daniel A. Edelman</u>
                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman<br>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
T:\33751\Pleading\Complaint_Pleading.WPD