IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE RIGHEIMER,<br>on behalf of plaintiffs and a class, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 17 CV 4170 |
| vs. | )<br>) | |
| KLUEVER & PLATT LLC, | )<br>)<br>) | Judge Aspen<br>Magistrate Judge Kim |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement"), between Plaintiff Diane Righeimer ("Plaintiff"), individually and as representative of the Class of similarly situated persons ("Class"), and Defendant, Kluever & Platt ("Defendant"), the Court orders and finds as follows:

1. On September 28, 2017, the Court preliminarily approved the Agreement on behalf of Plaintiff and the Class defined as:

The class consists of all individuals to whom Kluever & Platt, LLC directed a "Notice Required by the Fair Debt Collection Practices Act" by attaching it to a mortgage foreclosure complaint filed between June 1, 2016 and June 21, 2017.

Edelman, Combs, Latturner & Goodwin, LLC was appointed Class Counsel.

2. The Court approved the parties' proposed Class Notice and directed it be mailed to the last known address of the class members on or before October 30, 2017. The Court is informed that actual notice was sent by first class mail to 238 unique class members. A total of 10 notices were returned as "undeliverable." No objections were received.

1

3. The Court is informed that 63 timely claim forms have been received and that, 1 claim forms was received after the December 22, 2017 deadline for submission. With the parties' agreement, the Court hereby approves the one claim form received after the December 22, 2017 deadline for submission of claim forms. That one claim form is deemed valid for purposes of participating in the class settlement.

4. The Court is informed that two class members requested to be excluded from the settlement. The Court hereby excludes the following individuals from the settlement agreement:

    Nellie Briggs

    Ray Briggs

5. On January 25, 2018, the Court held a fairness hearing to which class members, including any with objections, were invited. No additional class members objected or requested exclusion from the settlement.

6. The Court finds that the provisions for notice to the class satisfy the requirements of the Federal Rules of Civil Procedure 23 and due process.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendants.

8. Five (5) days after the Effective Date, Defendant shall distribute all monies described herein to the settlement administrator: (a) funds in the amount of $6,000 for Attorney Fees and Costs as set forth in the Agreement (b) funds in the amount of $1,000.00 to be distributed to Plaintiff as set forth in the Agreement and (c) funds in the amount of $6,000 to be distributed pro rata to all class members who submitted a claim form.

9. No later than twenty one (21) days after the Effective Date, Class Administrator shall distribute the Settlement Fund in accordance with the terms of the Agreement. Participating Class Members will receive a pro rata share of the Class Recovery by check. Checks issued to Participating Class Members will be void after 90 days ("Void Date").

10. Upon the Effective Date, as defined in Paragraph 7 of the Agreement, the parties grant the following releases:

(a) Plaintiff Diane Righeimer, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit (in their capacities as such), and any person claiming through them (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns of Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, arising out of or based upon the factual allegations asserted in the Complaint from the beginning of time to the Effective Date.

(b) Each member of the Settlement Class who does not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on alleged violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged or could have been alleged by the class that arise out of or are based upon the factual allegations asserted in the Complaint.

(c) IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts Defendant was attempting to collect through its mortgage foreclosure complaints or otherwise, including, but not limited to, whether any debt is in fact owed, the crediting of payments on any debt, or the credit reporting of the debt.

(d) The underlying debts Defendant sought to collect through its mortgage foreclosure complaints or otherwise are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect any debts allegedly owed by Settlement Class Members.

11. The Court finds the Agreement fair and made in good faith.

12. The terms of the Agreement are incorporated into this order.

13. The Court approves the Chicago Bar Foundation as the designated *cy pres* recipient. If, following the Void Date of the Participating Class Members' checks, there remains any uncashed checks or undistributed funds, those funds will be distributed to the Chicago Bar Foundation as a *cy pres* award, within 30 (thirty) days following the last Void Date of the settlement checks.

14. The Court approves Class Counsel's request for approval of an award of attorney's fees and costs of $6,000, which is paid in addition to the Class Recovery.

15. The claims of the Plaintiff and the Class are dismissed with prejudice and without costs.

ENTERED: [signature]

Marvin Aspen

United States District Judge

DATE: JAN 3 1 2018